**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CONNOR WALKER,**

      **Plaintiff,**

**v.**                                                               **Case No.  8:11-cv-1178-T-30TBM**

**ROBERT R. JACKSON,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss for Improper Venue (Dkt. 8) and Plaintiff's Response in opposition (Dkt. 9).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

This action is based on alleged breaches of a Stock Purchase Agreement and Promissory Note (collectively, the "Agreements").  Defendant drafted the Agreements. Section 4.9 of the Stock Purchase Agreement states that the "parties agree and consent that venue and jurisdiction as to all matters of dispute shall be brought in Pinellas County, Florida."  Similarly, Section 9 of the Note states that the "Borrower [Defendant] consents and agrees that proper venue for any action concerning this Agreement shall be Pinellas County, Florida."

On May 26, 2011, Plaintiff initiated this action in this Court based upon diversity jurisdiction.    Defendant filed the instant motion to dismiss, contending that venue was improper in federal court, and that, based on the forum selection clauses set forth in the Agreements, the proper venue was in the Sixth Judicial Circuit Civil Court of Pinellas County, Florida.

Plaintiff argues that the forum selection clauses in the Agreements can be read to include the United States District Court for the Middle District of Florida because a civil proceeding arising in or related to Pinellas County may be instituted in the Middle District of Florida, Tampa Division, which encompasses Pinellas County, Florida.  Plaintiff also cites to a number of cases from the Middle District of Florida in which the courts held that forum selection clauses similar to the ones at issue in this case did not preclude litigation in the federal court that encompassed the county identified in the clause.  *See i9 Sports Corp. v. Cannova*, No. 8:10-cv-803-T-33TGW, 2010 WL 4595666, at *4 (M.D. Fla. Nov. 3, 2010); *Ahern v. Fid. Nat' Title Ins. Co.,* 664 F. Supp. 2d 1224, 1227 (M.D. Fla. 2009); *see also Priority Healthcare Corp. v. Chaudhuri,* Case. No. 6:08-cv-425-Orl-KRS, 2008 WL 2477623, at *3 (M.D.  Fla. June 18, 2008) (denying motion to remand where similar forum selection clause stated "customer ... shall accept venue in Seminole County, Florida"); *Links Design, Inc. v. Lahr,* 731 F.Supp. 1535, 1536 (M.D. Fla. 1990) (holding that clause, "proper venue for said action shall be Polk County, Florida," did not preclude venue in the United States District Court for the Middle District of Florida).

Upon review of these cases, the Court agrees with Plaintiff that the forum selection clauses in the Agreements do not preclude litigation in the federal court that encompasses the county identified in the forum selection clause.  And the United States District Court for the Middle District of Florida, Tampa Division, encompasses Pinellas County, Florida.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant's Motion to Dismiss for Improper Venue (Dkt. 8) is DENIED.

2.      Defendant's Motion for Leave to Reply to Plaintiff's Response in opposition (Dkt. 10) is DENIED.

3.      Defendant shall file an answer to the complaint within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 4, 2011.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1178.mtdismissvenue8.frm